UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CULLEN M. HANKERSON,

    Plaintiff,

v.

PIERCE COUNTY, *et al*.,

    Defendants.

CASE NO. C09-5306RBL

ORDER

This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find as follows:

On June 30, 2009, the court granted plaintiff's application to proceed in forma pauperis. Since that date, plaintiff has filed two motions for summary judgment (Docs. 7 & 12), as well as several letters or requests. The court notes that the motions, like the Complaint in this matter, have not been served on defendants.

ORDER - 1

Also, a review of plaintiff's complaint shows that the claims being made call into question the validity of a pending criminal matter. Specifically, plaintiff raises claims regarding the validity of statements made to support a finding of "probable cause", related to an arrest and/or search and seizure. Plaintiff states that his case is pending in Pierce County Superior Court under the following cause number: 09-1-00556-9. Complaint (Doc. 6) at 3. Plaintiff also states that he is facing charges that could result in his incarceration for twenty years or more. *See* Doc. 8.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id.

Plaintiff's claims call into question the legality of his arrest and, possibly, his pending criminal trial. Plaintiff must first raise these claims in the state court action, or, possibly, in a petition for writ of habeas corpus -- not a § 1983 civil rights claim for money damages. Thus, this § 1983 claim for monetary damages is premature.

Based on the forgoing findings, it is hereby ORDERED that **by no later than October 9, 2009**, Plaintiff shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend

dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 2nd day of September, 2009.

J. Richard Creatura
United States Magistrate Judge